**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| DAVID BLACK<br><br>Plaintiff,<br><br>v.<br><br>GLEN COURT MANAGEMENT, INC.<br><br>Defendant. | Civil Action No. 3:21cv431 |

**NOTICE OF REMOVAL TO FEDERAL COURT**

In accordance with 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant Glen Court Management, Inc. ("Defendant" or "Glen Court") gives notice of removal of *Black v. Glen Court Management, Inc.*, Case No. CL21000090-00 (the "Action") from the Circuit Court for Surry County, Virginia to the United States District Court for the Eastern District of Virginia, Richmond Division. In support of its Notice of Removal, Glen Court states as follows:

## I. INTRODUCTION

1. On May 25, 2021, Plaintiff David Black ("Plaintiff"), through counsel, commenced this action by filing a complaint (the "Complaint") in the Circuit Court for Surry County, Virginia, captioned as *Black v. Glen Court Management, Inc.*, Case No. CL21000090-00.

2. In the Complaint, Plaintiff asserts causes of action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, and Virginia Values Act, Va. Code §§ 2.2-3905, 3908.[1]

[1] Glen Court disputes that Plaintiff may assert a claim under the Virginia Values Act because, pursuant to Va. Code Section 2.2-3905(A), Glen Court does not qualify as an "employer" for purposes of Plaintiff's claim because it employs more than 20 persons, a

3. A true and correct copy of Plaintiff's Complaint, which constitutes all process, pleadings, and orders received by Glen Court in the Action, is attached hereto as Exhibit A. Plaintiff has not served Glen Court with the Complaint or any other papers in this Action.

## II. RELEVANT FACTUAL BACKGROUND

4. In the Complaint, Plaintiff alleges that he was formerly employed as a carpenter by Glen Court. *See, e.g.*, Compl. ¶¶ 8, 12.[2]

5. Plaintiff alleges that he was 63 years old at the time Glen Court terminated its relationship with him. Compl. ¶ 8.

6. Plaintiff further alleges that Glen Court terminated its relationship with him on July 15, 2020, and was told that the decision was made because, "due to [his] age," he was "too susceptible to COVID." *See, e.g.*, Compl. ¶¶ 59, 62, 69, 74.

7. Based on these allegations, Plaintiff's Complaint asserts two counts against Defendant for violations of the ADEA and the Virginia Values Act, alleging that Glen Court terminated him because of his age. *See id.* ¶¶ 65-75.

## III. REMOVAL IS PROPER BECAUSE THE COURT HAS ORIGINAL AND/OR SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S CLAIMS

8. Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

---

fact Plaintiff admits in the Complaint. *See* Compl. ¶ 11 ("At all time pertinent hereto, Glen Court was, is, and has been an employer . . . with more than 20 employees[.]").

[2] Glen Court denies that Plaintiff was an "employee" rather than an independent contractor, denies Plaintiff's allegations that he was terminated or otherwise discriminated against on the basis of his age or any other protected characteristic, and otherwise denies any wrongdoing or liability to Plaintiff.

9. As set forth below, this Court has original and/or supplemental subject-matter jurisdiction over Plaintiff's claims in this action under 28 U.S.C. §§ 1331 (federal question), 1332(a) (diversity of citizenship), and 1367(a) (supplemental jurisdiction) because (1) complete diversity exists between the parties and the sum demanded in good faith in Plaintiff's original pleading exceeds the $75,000 jurisdictional threshold, exclusive of interest and costs; (2) Count One of the Complaint asserts a violation of the ADEA that arises under federal law; and (3) Count Two of the Complaint asserting a violation of the Virginia Values Act is based on the same allegations as Count One and, therefore, is so related to Count One that it forms part of the same case or controversy under Article III of the United States Constitution.

## IV. DIVERSITY JURISDICTION

### A. Complete Diversity of Citizenship Exists Between The Parties.

10. Plaintiff is a resident and citizen of the Commonwealth of Virginia. Compl. ¶ 8.

11. As a corporation, Defendant Glen Court's citizenship is determined by (1) its place of incorporation, and (2) its principal place of business. 28 U.S.C. § 1332(c)(1) (a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). *See also Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (holding that a corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., the "nerve center" of the business).

12. Defendant is incorporated in the Commonwealth of Pennsylvania. Compl. ¶ 9.[3] Defendant's headquarters and principal place of business is in Rhode Island. *Id.* For purposes of

[3] The Court may also take judicial notice of the fact that Defendant is incorporated in the Commonwealth of Pennsylvania, based on the records of the State of Pennsylvania's Department of State: https://www.corporations.pa.gov/search/corpsearch

determining citizenship under 28 U.S.C. § 1332(a), Defendant is a citizen of Pennsylvania and Rhode Island, and is not a citizen of Virginia.

13. Because Plaintiff is a citizen of Virginia, and Defendant Glen Court is a citizen of Pennsylvania and Rhode Island, complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a)(1).

14. As shown above, Defendant Glen Court is not a citizen of the Commonwealth of Virginia. Accordingly, the limitation on removal based on diversity provided by 28 U.S.C. § 1441(b)(2) does not apply.

**B. <u>The Amount in Controversy Requirement is Satisfied</u>.**

15. Plaintiff's demanded amount is deemed the amount in controversy for purposes of determining diversity jurisdiction. 28 U.S.C. § 1446(c)(2). Plaintiff seeks various forms of injunctive and monetary relief, including $90,000 in back pay and $90,000 in front pay for alleged violations of the ADEA and Virginia Code §§ 2.2-3905, 3908; $90,000 in liquidated damages for an alleged willful violation of the ADEA; $250,000 in punitive damages for alleged willful violations of Virginia Code § 2.2-3905; expert witness fees; and attorneys' fees. Compl. ¶¶ 12-13. That demand exceeds the $75,000 jurisdictional requirement of 28 U.S.C. § 1332(a).

16. Therefore, Plaintiff's Complaint and prayer for relief demonstrates that the $75,000 amount in controversy is satisfied for purposes of removal. 28 U.S.C. §§ 1332, 1441.

## V. <u>FEDERAL QUESTION JURISDICTION</u>

17. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which authorizes federal question jurisdiction over any civil action arising under the Constitution, laws, or treaties of the United States.

18. In his Complaint, Plaintiff asserts a claim for age discrimination under the ADEA, which is a federal statute. *See* Compl. ¶¶ 65-70.

19. Because Plaintiff's ADEA claim "arises under" federal law, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## VI. SUPPLEMENTAL JURISDICTION

20. Plaintiff also asserts a claim for age discrimination under the Virginia Values Act, Va. Code §§ 2.2-3905, 3908. Compl. ¶¶ 71-75. According to Plaintiff's Complaint, his state law age discrimination claim arises from the same set of facts as his ADEA claim.

21. Thus, Plaintiff's state law claim is so related to his ADEA claim that it forms part of "the same case or controversy under Article III of the United States Constitution" as required by 28 U.S.C. § 1367(a). As such, this Court has supplemental jurisdiction over Plaintiff's state law claim in Count Two of the Complaint.

## VII. VENUE IS PROPER IN THIS COURT

22. Venue is proper in the U.S. District Court for the Eastern District of Virginia because it is the federal judicial district in which the Complaint alleges that the alleged events and conduct giving rise to Plaintiff's claims occurred.

23. In addition, venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a) because the Richmond Division of the U.S. District Court of the Eastern District of Virginia embraces the Circuit Court for Surry County, Virginia, where the Action was filed and is pending.

## VIII. REMOVAL IS TIMELY

24. The Notice of Removal is timely filed because it is filed within 30 days of the date Glen Court received the Complaint (*see* 28 U.S.C. § 1446(b)(1)) and, as of the filing of this Notice, Plaintiff has not served Glen Court.[4]

---

[4] Because Plaintiff did not serve Glen Court prior to its filing of this Notice of Removal, Glen Court is not obligated to respond to the Complaint unless and until service is

## IX. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

25. Contemporaneously with the filing of this Notice of Removal, Defendant Glen Court will provide Plaintiff with written notice of this Notice of Removal and file a copy of this Notice of Removal with the clerk of the Circuit Court of Surry County, Virginia, as required by 28 U.S.C. § 1446(d).

26. As set forth in paragraph 3 above, Glen Court is simultaneously filing as Exhibit A hereto a copy of the Complaint, which represents all process, pleadings, and/or orders received by Glen Court in this Action. *See* 28 U.S.C. § 1446(a). Plaintiff has not served Glen Court in this Action.

27. No previous Notice of Removal has been filed or made with this Court or any other court for the relief sought herein.

28. The undersigned is counsel for Glen Court and duly authorized to effect removal on Glen Court's behalf.

29. If any question arises as to the propriety of the removal of this action, Glen Court requests the opportunity to present further briefing in support of its position that this case is removable.

---

completed upon or waived by Glen Court. *See, e.g., Moss v. Bank of New York Tr. Co.*, No. C 10-1734 VRW, 2010 WL 11575042, at *2 (N.D. Cal. June 30, 2010) (holding that, where plaintiff had not served defendant prior to removal of case to federal court, defendant "was under no time constraint" to respond to complaint until defendant was served or waived service). Plaintiff may effectuate service in a manner consistent with the Federal Rules of Civil Procedure as if the case had originally been filed in this Court. *See* 28 U.S.C. § 1448.

Date: July 2, 2021

Respectfully submitted,

*/s/ Stephen K. Dixon*
Stephen K. Dixon (VSB No. 87462)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541
(202) 739-5803
(202) 739-3001 (Fax)
stephen.dixon@morganlewis.com

Brian W. Sullivan (*pro hac vice to be filed)*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5758
(215) 960-5000 (Fax)
brian.sullivan@morganlewis.com

*Attorneys for Defendant*
*Glen Court Management, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of July, 2021, a true and correct copy of the foregoing Notice of Removal, along with the notice simultaneously provided to the Circuit Court for Surry County, Virginia of said Notice of Removal, was delivered by electronic and certified mail to:

Tim Schulte (VSB #41881)
Blackwell N. Shelley, Jr. (VSB #28142)
Shelley Cupp Schulte, P.C.
3 W. Cary Street
Richmond VA 23220
(804) 644-9700
(804) 278-9634 (fax)
schulte@scs-work.com
shelley@scs-work.com

*Counsel for Plaintiff*

*/s/ Stephen K. Dixon*
Stephen K. Dixon