UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DAVID BLACK, | ) |
|    *Plaintiff,* | ) ) ) |
| v. | ) ) |
| GLEN COURT MANAGEMENT, INC. | ) Civil Action No.: 3:21-cv-431 ) ) ) ) |

**FIRST AMENDED COMPLAINT**

Comes now the Plaintiff, David Black, by counsel, and Complains of Defendant Glen Court Management, Inc. as follows:

**Nature of Claims**

1. This Complaint arises out of Defendant Glen Court Management, Inc.'s discrimination and termination of Plaintiff David Black, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 (hereinafter the "ADEA").

2. Plaintiff seeks declaratory judgment, injunctive relief, back pay, benefits, liquidated damages, front pay and/or reinstatement and attorneys' fees for ADEA violations.

## Jurisdiction and Venue

3. This Court has personal jurisdiction over Defendant Glen Court Management, Inc., which is registered to do business in Virginia and has real property and does business in Surry County.

4. This Court has jurisdiction of the ADEA claim pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 626(c)(1).

5. Plaintiff has exhausted all necessary procedural prerequisites and has filed his ADEA claim within ninety (90) days of his receipt of a right to sue letter from the Equal Employment Opportunity Commission.

6. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Defendant regularly conducts substantial business activity in Surry County, Virginia.

7. Plaintiff has exhausted all required administrative procedures and timely filed a formal complaint the Office of the Attorney General, Division of Human Rights, and with the Equal Employment Opportunity Commission. The EEOC has issued a "Notice of Right to Sue," and this suit has been brought within 90 days of Plaintiff's receipt of such Notice, consistent with the procedures for bringing this action pursuant to the ADEA.

## Parties

8. The Plaintiff, David Black (hereinafter "Black") is a male U.S. citizen and resident of Charles City, Virginia.  At all times relevant to the matters alleged herein, Black was an eligible employee within the meaning of the ADEA pursuant

to 29 U.S.C. § 630(f). At the time of his termination from his employment with Defendant Glen Court Management, Inc., Black was sixty-three (63) years old.

9. The Defendant, Glen Court Management, Inc. (hereinafter referred to as "Defendant" or "Glen Court") is a corporation existing under and by virtue of the laws of the Commonwealth of Pennsylvania that has its headquarters in Rhode Island. Glen Court owns and operates Mount Pleasant Plantation at which Black worked.

10. Mount Pleasant Plantation is a colonial historic site located in Surry County, Virginia. The site includes an 18th century mansion and other structures, all of which require significant and ongoing restoration, maintenance, and repair.

11. At all times pertinent hereto, Glen Court was, is, and has been an employer engaged in an industry affecting commerce with more than 20 employees for each working day in each of twenty or more calendar weeks in each relevant calendar year. Glen Court is an "employer" within the meaning of 29 U.S.C. § 630(b) and is subject to the provisions of the ADEA.

## Factual Allegations

12. Black was born in November of 1956. In August of 2017, he began working for Glen Court at Mount Pleasant Plantation as a carpenter.

## **Black Was An Employee, Not An Independent Contractor**

13. Glen Court improperly classified Black as an independent contractor, although he was consistently treated as an employee.

   a. Black was required to punch a time clock along with all other employees.

   b. Black was required to wear a company uniform whenever in the presence of the owners of the company.

   c. Black was required to attend all employee meetings, including meetings pertaining to benefits.

   d. Black did not work independently, as all his job duties were assigned to him by his supervisor Robert "Mike" Dzula (hereinafter "Dzula").

   e. Black used company tools and equipment to perform all his jobs.

   f. Black used a company vehicle to get to and from all jobs that he was assigned to.

14. Whereas Glen Court escorted all contractors around the property or in buildings where the contractors were working, it did not escort Black.

15. Black frequently was directed by his supervisor to escort independent contractors who were working for Glen Court.

16. Black and all other employees received their daily assignments during the morning meeting with their supervisors.

17. Black and all other employees had to place their "time-off periods" (vacation) on the office message board.

18. When Black asked Property Manager Mark Forrest ("Forrest") about a raise in mid-2019, Forrest responded that Glen Court only reviewed employees for a possible raise every two years.

19. At some point during his employment, Black injured his wrist and required stitches and medical treatment. Glen Court's workmen's compensation carrier, the Hartford Insurance Company, handled all documentation and payments of Black's claim.

## Defendant Terminated Plaintiff Because Of His Age In Violation Of The ADEA

20. Black enjoyed working for Glen Court, and his tenure at the company was, by all accounts, very successful.

21. Upon information and belief, in 2020 Black was the oldest carpenter employed at Glen Court's Virginia location.

22. Throughout his career with Glen Court, Black consistently received positive performance evaluations from his superiors.

## Defendant's Recklessness During the 2020 Pandemic

23. In March of 2020 a global pandemic broke out. The Commonwealth of Virginia -- like the rest of the country and the rest of the world -- was in the midst of a deadly pandemic particularly dangerous to the elderly and people with compromised immune systems. In their efforts to "flatten the curve" and slow down the epidemic, many employers, both public and private, began shutting their doors and sending their employees home, for months on end.

24. Early on, Glen Court took some precaution by daily cleaning its main office to minimize exposure to its employees.

25. However, when an office worker, Lindsay Richards, protested about the smell of the cleaning material, Glen Court stopped its cleaning efforts.

26. Dzula informed Black that many employees were upset over Glen Court's reckless attitude about COVID-19.

27. Maintenance Manager Mark Lathrop also acknowledged that Glen Court's employees were alarmed by the company's reckless attitude.

28. One employee in the grounds department, Bob Kolbus, always came to work masked and gloved. Upon arrival, Kolbus would remove his glove to thumb print in (time clock), immediately sanitize his hand, re-glove and then proceed to sanitize his gloves.

29. Glen Court's Property Manager Forrest was angry about Kolbus' behavior and teased and harassed and ridiculed him until Kolbus stopped wearing a mask.

30. Later, Kolbus approached Black and said, "I see you're not wearing a mask now too." Black and Kolbus had been made so uncomfortable by Forrest that they ultimately stopped wearing masks when Forrest was around.

31. Early in the spring of 2020, another employee, Jacob Richards ("Richards"), who closely worked with Black, quarantined himself after his father had been exposed to an individual who had tested positive for COVID-19.

32. Richards was following CDC protocol. However, Manager Forrest declared it was safe for Richards to return prior to CDC recommendations.

33. When Black protested and expressed his concerns about Richards' early return Forrest cut Black off, stating, "I know best when Jacob can come back." Forrest was extremely aggravated and did not care that someone could be asymptomatic and still spread the Corona virus.

34. Richards stopped wearing masks at that point.

35. Avoiding an argument with Forrest, Black put on a mask and continued working with Richards.

36. Dzula and Black had become friends during the years they had worked together.

37. Throughout the spring of 2020, Dzula and Black frequently discussed the difficulties both men were experiencing with their domestic partners, Black's wife and Dzula's girlfriend. Both women were extremely upset about Glen Court's reckless attitude about the Covid-19 pandemic and specifically how Mark Forrest was endangering Glen Court's employees.

38. Dzula expressed his own concerns of the handling of Covid-19 at Mount Pleasant Plantation.

39. Dzula was coming in early to wipe down all doorknobs and light switches and other surfaces every day to try to minimize any exposure from others along with trying to socially distance himself.

40. Dzula also advised Black that the Livestock Manager had expressed to Glen Court's owners her own concerns of Forrest's handling of Covid-19.

## **Richards Vacationed In Florida In The Midst Of The Pandemic**

41. In the last week of June 2020, Richards took a three-week vacation in Florida.

42. Florida was one of the "hot spots" for COVID-19 in the summer of 2020.

43. On Saturday, July 4, 2020, the State of Florida reported a single-day record of 11,458 new cases and a total of 190,052 infections state-wide, with a seven-day average of 45 deaths per day.[1]

44. On Sunday, July 5, 2020, Florida surpassed 200,000 cases of Covid-19.[2]

45. By the next Saturday, July 11, 2020, Florida reported 254,511 cases of Covid-19.[3]

46. Richards was scheduled to return from his Florida trip on July 13, 2020.

47. At this point in time, the CDC recommended that travelers returning from Florida should quarantine for fourteen days to avoid infecting others inadvertently.

48. When Black discussed with Dzula his concern that Richards was not going to follow CDC protocol, Dzula told him that he could take a two-week leave of absence and that there would be no repercussions.

---

[1] https://www.tampabay.com/news/health/2020/07/04/another-florida-record-for-covid-19-cases-to-start-the-july-4th-weekend/
[2] https://www.cnn.com/2020/07/05/health/us-coronavirus-sunday/index.html
[3] https://www.bloomberg.com/news/articles/2020-07-11/florida-virus-deaths-double-following-state-s-rise-in-cases

49. On the morning of Monday, July 13, 2020, Black met with Dzula in Dzula's office to discuss his concerns about the fact that Richards was not going to quarantine after his trip to Florida.

50. Black asked Dzula if he could work somewhere separate from Richards. Dzula responded, "No, David, you have to pick up where you were last Friday." Black had worked in the lift basket on the cornice for the Four Mile Tree Mansion.

51. Richards was standing in the main office. He was not wearing a mask.

52. Richards had also made it clear that he had no intention to wear any PPE in the future.

53. Black then said that he would prefer to take an unpaid leave for the next two weeks rather than work next to Richards in the lift basket.

54. Dzula responded, "It's my understanding you can go, and I suggest you do, and I would go myself if I didn't have to be here."

55. Black then left work and went home.

### Glen Court Terminated Black

56. Black then received a phone call from Forrest, telling him to "stay home until we call you to return to work."

57. Black called Dzula to ask him why Forrest was so angry. Black asked Dzula, "Am I going to be fired over Jacob's vacation?"

58. Dzula responded, "I don't know what to tell you, David, but I do know that Mark is calling MPP's attorney."

59. On July 15, 2020, Forrest called Black and told him, "I am not bringing you back to work because, due to your age, you are too susceptible to COVID." Black pleaded with Forrest that he had given his heart and soul to his job and told him that he was in the middle of refinancing his home.

60. Forrest responded, "You should have no problem getting different work because of your skill level." Forrest also offered to give Black a good job reference.

61. Forrest also told Black that his own wife had recently been laid off due to COVID and that she was collecting good unemployment benefits. Forrest advised Black should have no problem collecting unemployment.

62. Glen Court terminated Black on July 15, 2020.

63. On July 31, 2020, Black and his wife met with Mike Dzula to receive personal items that Black had left at work on July 13, 2020. Dzula told Black that Mount Pleasant Plantation was going to be restructured and that several employees were going to be discharged. Dzula also told Black that management had all its employees and furloughed employees sign agreements that prohibited any contact with Black.

64. Dzula expressed that he was very upset with Forrest's decision to fire Black.

**COUNT ONE**
**ADEA – 29 U.S.C. § 626**
**Disparate Treatment**

65. Plaintiff incorporates and re-alleges the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

66. All of the acts of the Glen Court's employees alleged herein were undertaken in the course and within the scope of their employment and on behalf of the Defendant Glen Court Management, Inc.

67. During his employment with Glen Court Management, Black's job performance met or exceeded Glen Court's legitimate expectations.

68. Upon information and belief, Black was the oldest carpenter employed by Glen Court.

69. Glen Court terminated Black on July 15, 2020, because of his age and thereby violated his right to equal employment opportunity as protected by the ADEA.

70. Black has been damaged by Glen Court's actions, including, but not limited to loss of employment, loss of compensation and employment related benefits.

WHEREFORE, David Black demands that judgment be entered in his favor and against the Defendant Glen Court Management on the above-stated counts, and on each of them as described above, and that in addition this Court issue an Order:

(i) Declaring that the acts and practices complained of herein are in violation of the Plaintiff's rights as secured by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 et seq.;

(ii) Requiring and issuing a mandatory injunction directing the Defendant to reinstate the Plaintiff to a position of equal duties and responsibilities as the

Plaintiff would have received but for Defendant's conduct, with equal pay and benefits, retroactive to July 15, 2020, or in the alternative for an award of judgment for back pay and front pay and benefits under the ADEA;

(iii) Awarding Plaintiff back pay for violations of the ADEA;

(iv) Awarding Plaintiff front pay for violations of the ADEA;

(v) Awarding Plaintiff liquidated damages for willful violation of the ADEA;

(vi) Awarding Plaintiff an amount sufficient to offset any adverse tax consequences resulting from a lump sum award or an award of other relief in this action because he was required to file suit to enforce his federally protected rights;

(vii) Awarding Plaintiff other appropriate injunctive relief;

(viii) Awarding Plaintiff incidental and consequential damages, reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b), including expert witness fees; and in addition,

(ix) Awarding Plaintiff such other and further relief as may be appropriate under the circumstances.

**TRIAL BY JURY IS REQUESTED.**

                                              DAVID BLACK

                                              By Counsel

                                     */s/ Tim Schulte*
                                     Tim Schulte (VSB #41881)
                                     Blackwell N. Shelley, Jr. (VSB #28142)
                                     Shelley Cupp Schulte, P.C.

>3 W. Cary Street
>Richmond VA 23220
>(804) 644-9700
>(804) 278-9634 [fax]
>schulte@scs-work.com
>shelley@scs-work.com
>
>*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 29th day of July, 2021, the foregoing was delivered through the CM/ECF system to be forwarded electronically to:

Stephen K. Dixon, Esquire
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541
(202) 739-5803
(202) 730-3001 (fax)
stephen.dixon@morganlewis.com

Brian W. Sullivan, Esquire
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103
(215) 964-5758
(215) 960-5000 (fax)
brian.sullivan@morganlewis.com

*Counsel for Defendant*

>_____/s/ Tim Schulte_____
>Tim Schulte (VSB #41881)
>Shelley Cupp Schulte, P.C.
>3 W. Cary Street
>Richmond VA 23220